# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
### LEXINGTON

**CRIMINAL ACTION NO. 25-CR-00141-KKC**

**UNITED STATES OF AMERICA**                                         **PLAINTIFF**

**V.**                                    **PLEA AGREEMENT**

**WILLIAM KARDLO HATTON**                                  **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter guilty pleas to Counts 4, 5, and 6 of the Indictment which charges violations of 21 U.S.C. § 841(a)(1), distribution of a mixture or substance containing a detectable amount of methamphetamine, distribution of 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and distribution of 5 grams or more of methamphetamine (actual), respectively. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 1-3 and 7 of the Indictment.

2. The essential elements of Count 4 are as follows:

   (a) That the defendant knowingly and intentionally distributed a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; and

   (b) That the substance was, in fact, a mixture or substance containing a detectable amount of methamphetamine.

3. The essential elements of Count 5 are as follows:

(a) That the defendant knowingly and intentionally distributed a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

(b) That the substance was, in fact, a mixture or substance containing a detectable amount of methamphetamine; and

(a) That the amount of mixture or substance containing a detectable amount of methamphetamine was at least 50 grams.

4. The essential elements of Count 6 are as follows:

(a) That the defendant knowingly and intentionally distributed methamphetamine (actual), a Schedule II controlled substance;

(b) That the substance was, in fact, methamphetamine (actual); and

(b) That the amount of methamphetamine (actual) was at least 5 grams.

5. As to Counts 4, 5, and 6 of the Indictment, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

(a) In July of 2025, law enforcement utilized a confidential informant to conduct a series of transactions with the Defendant, purchasing various quantities of methamphetamine and fentanyl. These transactions all occurred at the Defendant's residence in Clark County in the Eastern District of Kentucky. The dates of each transaction and the quantities sold by the Defendant to the confidential informant are described as follows:

| July 9, 2025 | 27.240 grams of a mixture or substance containing a detectable amount of methamphetamine |
| July 10, 2025 | 27.179 grams of a mixture or substance containing a detectable amount of methamphetamine |
| July 11, 2025 | 27.861 grams of a mixture or substance containing a detectable amount of methamphetamine |

| July 14, 2025 | 31.798 grams of a mixture or substance containing a detectable amount of methamphetamine. Upon meeting the informant outside the residence to conduct this transaction, the Defendant was observed in possession of a firearm. |
| --- | --- |
| July 17, 2025 | 56.230 grams of a mixture or substance containing a detectable amount of methamphetamine |
| July 24, 2025 | 28.395 grams determined to be 83% pure yielding a total amount of 23.567 grams of methamphetamine (actual) |
| August 6, 2025 | 3.505 grams of a mixture or substance containing a detectable amount of fentanyl |

6. The enhanced statutory punishment for Count 4 is not more than 30 years imprisonment, not more than a $20,000,000 fine, and not less than 6 years of supervised release. The enhanced statutory punishments for Counts 5 and 6 is not less than 10 years imprisonment, not more than life imprisonment, not more than an $8,000,000 fine, and not less than 8 years of supervised release. The Defendant agrees and admits that he is subject to these enhanced statutory punishments because, prior to the commission of the offenses contained in Counts 4, 5, and 6 of the Indictment, he had the following prior final convictions which qualify as both "felony drug offenses" and "serious drug felonies," as those terms are defined pursuant to 21 U.S.C. §§ 802(44) & (58) and 18 U.S.C. § 924(e)(2):

a) First Degree Trafficking in a Controlled Substance (Greater than Two Grams of Methamphetamine), by final judgment of the Clark Circuit Court, Case No. 19-CR-00323-001; and

b) Two counts of First Degree Trafficking in a Controlled Substance, by final judgment of the Clark Circuit Court, Case No. 10-CR-00042

The Defendant further agrees and admits that he served a term of imprisonment of more than 12 months for each of the above-described convictions and that he was released from any term of imprisonment related to the above-described convictions within 15 years of the commencement of the offenses in Counts 5 and 6.

In addition, a mandatory special assessment of $300 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of sentencing.

7. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guideline calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2024, Manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts set forth in paragraph 5 as well as the provided discovery materials.

(c) Pursuant to U.S.S.G. § 2D1.1(a)(5) and (c)(6), the base offense level for Counts 4, 5, and 6 is at least 28 as the offenses and relevant conduct involved at least 700 kilograms but less than 1000 kilograms of converted drug weight.

(d) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

8. In addition to the above-described sentencing guideline calculations, it is the United States's position that the Defendant is subject to the following guideline enhancements:

(a) Pursuant to U.S.S.G. § 2D1.1(b)(12), the Defendant is subject to a 2-level enhancement as the Defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance.

(b) Pursuant to U.S.S.G. § 4B1.1, the Defendant is a career offender as he was least 18 years old at the time of the instant offenses in Counts 4, 5, and 6, the instant offenses are controlled substance offenses, and the Defendant has at least two prior felony convictions for controlled substance offenses. Therefore, the base offense level is 37 and the Defendant's Criminal History Category is VI.

The Defendant disagrees with the above-stated guideline enhancements under §§ 2D1.1(b)(12) and 4B1.1 and, therefore, reserves the right to object to these enhancements at sentencing.

9. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

10. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

11. The Defendant consents to the administrative forfeiture of the firearm and ammunition seized from his residence on or about August 8, 2025, specifically the following: Taurus PT709 Slim Pistol, Cal: 9, SN: TGT34367; 7 rounds assorted ammunition, Cal: 9; 36 rounds CCI ammunition, Cal: 9; 25 rounds Cheddite ammunition, Cal: 12. The Defendant agrees that this property is subject to forfeiture because a nexus

exists between the property and criminal violations. The Defendant agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture.

12. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

13. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea

agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

14. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable

immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

15. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

16. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

17. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

18. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

JASON D. PARMAN
FIRST ASSISTANT
UNITED STATES ATTORNEY

Date: 6-16-26          By: _____

Francisco J. Villalobos II
Assistant United States Attorney

Date: 6-16-26          _____

William Kardlo Hatton
Defendant

Date: 6-16-26          _____

Noel Caldwell
Attorney for Defendant